UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JARED PHILLIP LACEY, et al.,

    Plaintiffs,

    v.                                                   Case No. 1:25-CV-307-CCB-ALT

INDIANA DEPARTMENT OF CHILD
SERVICES, et al.,

    Defendants.

## OPINION AND ORDER

Before the Court is Defendants Indiana Department of Child Services ("DCS"),

Ethan Held, Andrea Goebel, and Melissa Hayden's ("the Individual Defendants")

Motion to Dismiss. (ECF 19). Plaintiffs Jared Phillip Lacey and Shaina Josephine Lacey,

proceeding pro se, filed a response in opposition. (ECF 23). Defendants' motion is

granted.

### I.    RELEVANT BACKGROUND

On June 10, 2025, Plaintiffs filed a complaint under 42 U.S.C. § 1983 against DCS

and the Individual Defendants in their official and individual capacities alleging that

Defendants violated Plaintiffs' rights to due process and equal protection, and that Mr.

Held, Ms. Goebel, and Ms. Hayden conspired to violate those rights. (ECF 1). Plaintiffs

seek damages as well as injunctive and declaratory relief. The Court begins by

summarizing Plaintiffs' allegations related to each of these claims.

First, Plaintiffs allege that "[i]n May 2025, multiple independent sources"

reported that their daughter/stepdaughter had made "disclosures" of abuse. (ECF 1 at

5). DCS assigned Mr. Held to investigate. During his investigation, Mr. Held received "substantial evidence including video proof that the biological father coached" Plaintiffs' daughter to "say lies" to DCS. (*Id.*) Mr. Held "suppressed this evidence and conducted a biased investigation with predetermined conclusions." (*Id.*) Plaintiffs offer one concrete example of this alleged bias: "On June 3, 2025, during supervised visitation, defendant Held made audio-recorded admissions stating [Plaintiffs] would face restrictions 'because of criminal history' and dismissed video evidence saying 'we've got other things that say the opposite.'" (*Id.*) Plaintiffs allege that their due process rights were violated because the state court "relied entirely on this biased investigation to restrict our family rights while allowing alleged perpetrator to maintain custody." (*Id.*)

Second, Plaintiffs allege that Defendants applied different constitutional standards to their case as compared to the case of their daughter/stepdaughter's biological father. Though there was "substantial evidence against the biological father (including both children running away at 1 AM, [one] child's moderate suicide risk assessment, and multiple abuse disclosures)," the biological father maintains unrestricted custody. (*Id.*) Comparatively, Plaintiffs' family "faces supervised visitation based on [a] 17-year-old criminal history" and accusations of "'coaching' for reporting suspected abuse." (*Id.*) Plaintiffs assert that "[a]udio evidence proves defendant Held admitted to discriminatory enforcement." (*Id.*)

Third, Plaintiffs allege that Mr. Held, Ms. Goebel, and Ms. Hayden "conspired to suppress evidence favorable to [Plaintiffs'] family while protecting the alleged

perpetrator through biased investigation and predetermined conclusions, resulting in [a] court order that violate[d Plaintiffs'] constitutional rights." (*Id.*)

Plaintiffs are proceeding pro se. Thus, this Court will "liberally construe[]" their pleadings. *Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court takes Plaintiffs to be raising a claim under the Equal Protection Clause of the Fourteenth Amendment, a claim under the Due Process Clauses of the Fourteenth Amendment, and a conspiracy claim under 42 U.S.C. § 1983.

## II.   ANALYSIS

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b) for lack of subject matter jurisdiction and failure to state a claim. The Court will address each of these grounds individually.

### a.  Lack of Subject Matter Jurisdiction

First, Defendants move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In support, they argue that the Eleventh Amendment bars this Court from hearing claims against DCS and DCS employees in their official capacities, and that this Court should abstain from hearing this case because of the risk of conflict with an ongoing state court case.

Subject matter jurisdiction is "the power to declare law," and federal courts cannot act without it. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). Consequently, subject matter jurisdiction may be raised by either party, or by the Court itself, in any federal action. *Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). Parties cannot waive or forfeit such challenges through inaction or consent. *United States*

*v. Cotton*, 535 U.S. 625, 630 (2002). And federal courts have an independent obligation to confirm subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it lacks subject matter jurisdiction at any point, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Plaintiffs assert the jurisdiction of this Court, and it is therefore their burden to show subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). Rule 12(b)(1) motions to dismiss are evaluated differently depending on their purpose. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). "If subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *United Phosphorus*, 322 F.3d at 946. A factual challenge to the Court's subject matter jurisdiction, on the other hand, is based on the assertion that "the complaint is formally sufficient but . . . there is *in fact* no subject matter jurisdiction." *Id.* (emphasis in original). When considering a factual challenge to the court's jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)).

To begin, Defendants argue that as DCS is a state agency, the Eleventh Amendment bars the Court from hearing claims against DCS and DCS employees in

4

their official capacities. Plaintiffs concede that the Eleventh Amendment bars any claims for damages against DCS or the Individual Defendants in their official capacities but maintain that official-capacity prospective relief and individual-capacity compensatory relief against the Individual Defendants is still available. The Court agrees with Plaintiffs.

The Eleventh Amendment and principles of sovereign immunity deprive this Court of jurisdiction to hear claims against a state unless the state has consented to suit or Congress has used its powers under the Fourteenth Amendment to abrogate the state's Eleventh Amendment immunity. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). It is well-settled that 42 U.S.C. § 1983 does not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–70 (1989). Thus, the state of Indiana and its agencies, including DCS, "are not suable persons within the meaning of section 1983." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Nor are employees of state agencies. *See Will*, 491 U.S. at 70. But the Eleventh Amendment does not bar suit for prospective injunctive relief against state officials to stop violations of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Defendants argue, and Plaintiffs accept, that the Eleventh Amendment prohibits suit against DCS because DCS is a state agency. The Court agrees. But Plaintiffs maintain that prospective relief is available against the Individual Defendants under the theory of *Ex parte Young.* Defendants make no counterargument in reply, and the Court agrees with Plaintiffs. The Eleventh Amendment does not foreclose suit against the

Individual Defendants for prospective relief in this Court. Thus, the Court does not lack subject matter jurisdiction over a claim for prospective relief against the Individual Defendants. But the Court does lack subject matter jurisdiction over all claims against DCS and claims for damages against the Individual Defendants in their official capacities.

Next, Defendants argue that this Court should abstain from hearing this case based on the principles of abstention discussed in *Younger v. Harris*, 401 U.S. 37 (1971). In support, they argue that there is a pending state proceeding in which Plaintiffs could bring these claims, and that this Court should not interfere with that proceeding. Plaintiffs respond that the bad faith exception to *Younger* applies here, and that the state proceeding is inadequate to provide the remedies they seek. Defendants reply that the bad faith exception does not apply, and that Plaintiffs could raise their constitutional claims in the state proceeding.

At the core of *Younger* abstention is the idea "that, absent extraordinary circumstances, a federal court should not interfere with pending state judicial proceedings." *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). This abstention principle applies to civil cases that involve "child-welfare and child-custody proceedings." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018). And because "[p]rinciples of comity and federalism permit states to resolve for themselves all legal contentions, including those based on the Constitution," *Younger* prevents this Court

from "resolving isolated legal issues that might matter to proceedings already before a state agency or judge." *Id.* at 899.

Defendants have filed exhibits along with their motion to dismiss that indicate there is currently a child-in-need-of-services ("CHINS") proceeding pending in Allen Superior Court that involves the parties to this case. (ECF 20-1; ECF 20-2). They argue that this Court should abstain from hearing this case because Plaintiffs can bring their constitutional claims in the CHINS proceeding. In support, they cite a string of cases establishing that Indiana courts permit parties to a CHINS proceeding to bring constitutional claims in the proceeding. *See, e.g.*, *In re N.E.*, 919 N.E.2d 102, 108 (Ind. 2010) (vacating and remanding CHINS judgment to determine issue of procedural due process). Plaintiffs respond with their own string of conclusory statements, alleging without argument that the CHINS investigation is biased, it has no mechanism to address DCS constitutional violations, and it has no authority to remedy discriminatory enforcement patterns. This does not overcome Defendants' argument for *Younger* abstention. Even if some issues raised by Plaintiffs are "outside the ambit of a CHINS proceeding," that does not mean that *Younger* does not apply. *Ashley W. v. Holcomb*, 34 F.4th 588, 593 (7th Cir. 2022). So long as a federal court may not properly hear all of Plaintiffs' claims, "[d]isputes that can be resolved in a CHINS case must be resolved there." *Id.* Defendants have showed that *Younger* abstention is appropriate here.

Plaintiffs' allegations of bad faith do not avail. While a state proceeding conducted in bad faith or motivated by a desire to harass will trigger an exception to *Younger* abstention, *Collins v. Kendall Cnty., Ill.*, 807 F.2d 95, 97 (7th Cir. 1986), Plaintiffs

must "allege specific facts to support" their allegations of bad faith, *Crenshaw v. Supreme Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999). They fail to do so.

### b.  Failure to State a Claim

Second, Defendants move to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

Defendants first contend that Plaintiffs fail to state a claim under the Equal Protection Clause of the Fourteenth Amendment. In support, they argue that the Equal Protection Clause only bars governmental discrimination against protected classes, and Plaintiffs' criminal history does not place either Plaintiff in a protected class. Plaintiffs respond that the audio evidence establishes that Defendants intended to discriminate

against Plaintiffs, Defendants have treated other parties with abuse allegations differently, and no rational basis exists for "applying restrictions to protective families while alleged perpetrators maintain custody." (ECF 23 at 5).

A person's criminal history or lack thereof does not place them in an established protected class for purposes of the Equal Protection Clause. *See United States v. Skrmetti*, 605 U.S. 495, 510 (2025). But "[t]he Supreme Court's equal protection jurisprudence is not confined to traditional suspect or quasi-suspect classifications." *Goshtasby v. Bd. of Tr. of Univ. of Ill.*, 141 F.3d 761, 770 (7th Cir. 1998). Even if Plaintiffs are not members of a suspect class, the Equal Protection Clause shields them from "invidious discrimination" by the government. *D.S. v. E. Porter County Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015). To establish liability based on such discrimination, Plaintiffs must show that Defendants "acted with a nefarious discriminatory purpose and discriminated against her based on her membership in a definable class." *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996)). Because Plaintiffs fail to allege that they are members of an established protected class, they must also show that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

They have not done so. Beyond the conclusory statement that "no rational basis exists" for Defendants' actions, Plaintiffs' response is confined to perfunctorily alleging that audio evidence proves discriminatory intent and that identical conduct resulted in different treatment. (ECF 23 at 5). They make no attempt to show that there is no rational basis for treating a person with criminal history differently in the context of a

9

custody decision. So even taking it as true that Defendants intentionally discriminated against Plaintiffs based on their criminal history, and that identical conduct resulted in different treatment for a person without a criminal history, Plaintiffs have still failed to allege facts that would make such discrimination unconstitutional. Thus, Plaintiffs have not stated a claim under the Equal Protection Clause.

Defendants next contend that Plaintiffs fail to state a claim under the Due Process Clause. In support, they argue that Plaintiffs have not alleged a violation of substantive due process because they have not alleged a lack of definite and articulable facts and evidence supporting Defendants' actions. They further argue that Plaintiffs have alleged no facts supporting a violation of procedural due process, instead resting on conclusory statements that Defendants were biased and suppressed evidence.

To prevail on a substantive due process claim, Plaintiffs must show violation of a "fundamental right[] with deep historical provenance." *Salem v. Att'y Registration and Disciplinary Comm'n of Supreme Ct. of Ill.*, 85 F.4th 438, 443 (7th Cir. 2023). A parent's liberty interest in family integrity is such a fundamental right. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000) (collecting cases). But that right does not include the right to be free from child abuse investigations, *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003), so long as those investigations are based on "definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is imminent danger of abuse," *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1019 (7th Cir. 2000). At no point do Plaintiffs allege that Defendants failed to base their investigation on definite and articulable evidence. In fact, they themselves allege that "multiple independent sources" reported

10

that their daughter/stepdaughter had disclosed abuse. (ECF 1 at 5). And Plaintiffs' perfunctory allegations that Defendants suppressed exculpatory evidence, conducted a biased investigation, and colluded with the "alleged perpetrator" do nothing to establish such a lack of definite and articulable evidence. (ECF 23 at 5). They have failed to state a claim based on substantive due process.

To prevail on a procedural due process claim, Plaintiffs must show "(1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation." *Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018) (internal citation omitted). But Plaintiffs fail to allege any insufficiency of procedural protections beyond conclusory allegations that the investigation was biased, evidence was suppressed, and Defendants colluded with the "alleged perpetrator." (ECF 23 at 5). Plaintiffs do not need "detailed factual allegations" to survive a motion to dismiss, but they do need "more than mere labels and conclusions." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (internal citation omitted). They have failed to state a claim based on procedural due process.

Defendants do not address Plaintiffs' conspiracy claim in their opening brief. They do argue that Plaintiffs have failed to state a conspiracy claim in their reply brief,[1] but new arguments may not properly be raised in a reply brief. *Perry v. Coles Cnty., Ill.,*

---

[1] The Court notes with concern that the quotations Defendants attribute to *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000), on the third page of their reply brief are actually from *Katz-Crank v. Haskett*, 843 F.3d 641, 650 (7th Cir. 2016). This is not the only error of this nature in Defendants' reply brief. Defendants also attribute a quotation on the second page of their reply to *Crenshaw v. Supreme Ct. of Ind.*, 170 F.3d 725, 729 (7th Cir. 1999), when in fact the quotation comes from *Brown v. Consolidated City of Indianapolis*, No. 1:05 C 1585, 2006 WL 8448164, at *3 (S.D. Ind. Jun. 20, 2006). This second example is particularly egregious because it misrepresents persuasive authority from another District Court as controlling authority from the Seventh Circuit. Defendants are reminded of their obligations under Federal Rule of Civil Procedure 11 and warned to take more care with their citations.

906 F.3d 583, 590 n.6 (7th Cir. 2018). But as the Court has determined that Plaintiffs have not stated a viable federal constitutional claim, any conspiracy claim under § 1983 "necessarily fails." *Haskett*, 843 F.3d at 650.

Given the wide range of constitutional issues addressed above, a brief summary is appropriate here. First, the Court determined that the Eleventh Amendment and principles of sovereign immunity bar any relief for Plaintiffs against DCS, and that only official-capacity prospective relief and individual-capacity damages are available against the Individual Defendants. Next, the Court determined that as there is a pending state proceeding where Plaintiffs might raise their constitutional claims, this Court should abstain from hearing this case under the principles of *Younger v. Harris*. Then, the Court determined that Plaintiffs fail to allege facts sufficient to support their claims under the Due Process Clause, the Equal Protection Clause. Because these claims have not been successfully alleged, Plaintiffs' conspiracy claim also fails.

Put briefly, Plaintiffs cannot seek damages against any defendant in their official capacity, nor any relief at all against DCS, due to lack of federal subject matter jurisdiction. As a jurisdictional matter, official-capacity prospective relief and individual-capacity damages against the Individual Defendants are not foreclosed. But because the Court finds that *Younger* abstention is appropriate, the Court will abstain from exercising jurisdiction over this case during the pendency of the CHINS proceeding. Defendants argue, and the Court is persuaded, that "state court custody proceedings, or, at least oversight by the state court, will be continual until [Plaintiffs'

12

daughter/stepdaughter] reach[es] 18 years of age." *J.B. Woodard*, 997 F.3d 714, 725 (7th Cir. 2021). Plaintiffs' daughter/stepdaughter is 12 years old. (ECF 1 at 1; ECF 20-1 at 1).

It would be inappropriate for this Court to stay this case for six years, especially since the Court has found that Plaintiffs have failed to state a claim. *See J.B.*, 997 F.3d at 714 (refusing to stay a child custody case for over a decade based on *Younger* abstention); *Courthouse News Servs. V. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018) ("Unless and until the state courts have proven unwilling to address an alleged [constitutional] violation—which we are not yet convinced exists—the federal courts should not exercise jurisdiction over the matter."). Accordingly, the Court will dismiss this case without prejudice as to the Individual Defendants based on *Younger* abstention and Plaintiffs' failure to state a claim. Because the Court lacks subject matter jurisdiction to hear claims against DCS, the case is dismissed with prejudice as to DCS.

### III.    CONCLUSION

For these reasons, Defendants' Motion to Dismiss (ECF 19) is **GRANTED.** This case is **DISMISSED WITHOUT PREJUDICE** as to the Individual Defendants and **DISMISSED WITH PREJUDICE** as to DCS. The Clerk is **DIRECTED** to close this case.

SO ORDERED on March 12, 2026.

*/s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT